ARLEDGE, (BOYLE v.)    See Case No. 1.758.

ARLETH, (WHITE v.)  See Case No. 17,536.

## Case No. 534.

### The ARLINGTON.

[2 Ben. 511.][1]

District Court, S. D. New York. Oct., 1868.

SALVAGE—TOWAGE—TENDER—COSTS.

1. Where a libel, claiming $1,000 as salvage, ror service rendered by a steam-tug in towing a schooner away from a slip where there was a fire, was filed by the owner of the tug, who was not personally present when the service was rendered: Held, that the case was not one of salvage, but that the libellant was entitled to reasonable compensation for the use of his vessel.

[See note at end of case.]

2. It appearing that the service occupied but two or three hours, that another vessel was towed out at the same time, that the steamtug was not diverted from any other occupation, that her usual compensation was from $10 to $15 an hour, and that the master of the schooner had refused to pay more than $50: Held, that that sum was sufficient, and that the libellants should recover that sum without costs. That, if the $50 had been tendered or brought into court the court would have awarded costs to the claimants.

In admiralty.

W. J. Haskett, for libellant.

R. H. Huntley, for claimants.

BLATCHFORD, District Judge. This is a libel filed by the owner of the steamboat Thomas Kiley, against the schooner Arlington, claiming $1,000 for salvage, by reason of services rendered to the schooner, by the steamboat, on the 20th of August, 1866, in towing her from a slip in Jersey City, New Jersey, into the Hudson river, during a fire which was burning on shore. The libellant was not on board of the steamboat at the time, and did not personally render any of the services. The case, therefore, is not one of salvage. The Charlotte, 3 W. Rob. Adm. 68, 72; The Jack Jewett, [Case No. 7,-122.] But the libellant is entitled to an equitable compensation for the use of his steamboat in towing the schooner. On the evidence, the libel grossly exaggerates the danger both to the schooner and to the steamboat at the time the service was performed. It avers that the master and owner of the schooner refused to pay more than the sum of $50 for the service, and that that sum is too trifling. I think it is sufficient. The service did not occupy more than from two to three hours, another vessel was towed out by the steamboat at the same time, and the steamboat was not diverted from any other occupation to render the service, as she voluntarily went to the spot to render such service as she could, and was engaged by the other vessel, before referred to, prior to the time when the schooner applied to her. The evidence is that the steamboat usually received from ten to fifteen dollars an hour for towing. A decree will be entered for $50, but without costs to the libellants. If the claimants had shown a tender of the $50, or had brought that amount into court, I should have awarded costs to them.

[NOTE. For cases in which aid or assistance in extinguishing a fire on shipboard has been held to be a salvage service, see "The Connemara. 108 U. S. 352. 2 Sup. Ct. 754; Murphy v. The Suliote, 5 Fed. 99; The Cloud, 29 Fed. 272. The owners of a steamboat are entitled to a reasonable compensation for towage in towing a burning vessel from one shore of a river to the other; but they are not, for that service alone, entitled to salvage. Emerson v. The Pandora, Case No. 4,442. So, also, was it held that a tug assisting in extricating a burning vessel was only entitled to compensation for the towage. The Cyclone, 16 Fed. 486. But a tug which had brought up to a pier, within reach of the fire department, a burning barge, was held entitled to salvage, but not as upon derelict property. Corwin v. The Jonathan Chase, 2 Fed. 268. A steamship and cargo valued at $433,-000 were towed into the stream from a pier on which a fire was spreading rapidly. The service occupied about an hour, and the steamship was entirely unharmed. There were other tugs near, which might have performed the service. Each tug was awarded $2,000 as salvage. The New York, 34 Fed. 922. A steamship and cargo valued at $600,000 requested a tug to tow her away from a burning slip. Two others assisted, and in about two hours the steamship was moved out of danger. The steamer could have been warped across the slip by her donkey engines, which had steam up. Salvage to the amount of $4,500 was awarded the three tugs, in proportion to their relative merits. Baltimore & O. R. Co. v. The Holland, 44 Fed. 362.]

ARLINGTON CASE. See Cases Nos. 8,191 and 8,192.

ARLINGTON. Town of. (FIRST NAT. BANK OF NORTH BENNINGTON v.) See Case No. 4,806.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]